Mr. Jim Bradshaw City of Little Rock Office of Personnel 500 West Markham, Suite 130W Little Rock, AR 72201-1428
Dear Mr. Bradshaw:
This is in response to your request for an opinion pursuant to A.C.A. §25-19-105(c)(3)(B) (Supp. 1993), a provision of the Arkansas Freedom of Information Act ("FOIA"). You have received an FOIA request for the resumes of job applicants for a position in the city manager's office.
This office has previously concluded in numerous Attorney General opinions that employment applications are generally subject to disclosure under the FOIA. See Op. Att'y Gen. 95-113 (and opinions cited therein). I have previously opined, in this regard, that employment applications are to be viewed as public records which are generally subject to public disclosure.[1] Op. Att'y Gen. 93-114.
Please note that I have enclosed copies of two opinions (93-403 and 93-114) which note the fact that among the circuit courts that have considered the issue, there is a split in the decisions whether employment applications are to be considered "personnel records" under the FOIA. A.C.A. § 25-19-105(b)(10) (Supp. 1993). Thus, there is some authority for the proposition that job applications should be treated as "personnel records" which are exempt from inspection and copying "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy[.]" Id. This office has adhered to the view, however, that the personnel records exemption does not apply to resumes of job applicants. Rather, in my opinion, any privacy concerns with respect to such records are to be scrutinized with reference to a constitutional right to "disclosural privacy." This privacy right is discussed in Opinion 93-114 at page 5 (copy enclosed). As stated in Opinion 93-403, it would seem to require unusual circumstances for material in a job application to require constitutional protection.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The applicability of any specific exemptions under the FOIA must, of course, be considered. See A.C.A. § 25-19-105(b)(1) and (2) (Supp. 1993) (exempting medical, scholastic, adoption, and tax records).